DA 11-0480

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 155

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

BUDDY WADE PIRELLO,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DC 2010-18
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Nancy G. Schwartz; NG Schwartz Law, PLLC, Billings, Montana

      For Appellee:

         Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

         Marcia Boris, Mineral County Attorney, Superior, Montana

Submitted on Briefs: May 9, 2012

Decided: July 20, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Appellant Buddy Wade Pirello (Pirello) appeals from an order of the Fourth Judicial District Court, Mineral County, denying his motion to dismiss one felony charge of criminal possession of dangerous drugs. Pirello had argued that the pending charges should be dismissed on the grounds that the hashish oil that led to his charges was legally possessed pursuant to the Montana Marijuana Act (MMA). *See* §§ 50-46-101 to -210, MCA (2009). We affirm.

¶2 We restate the issues in the case as follows:

¶3 *Issue one: Did the District Court err in denying Pirello's motion to dismiss because it determined that he could not legally possess hashish oil under the Montana Marijuana Act, §§ 50-46-101 to -210, MCA (2009)?*

¶4 *Issue two: Does the rule of lenity require that the Montana Marijuana Act be interpreted in Pirello's favor?*

FACTUAL AND PROCEDURAL BACKGROUND

¶5 On June 30, 2010, Pirello was observed by law enforcement pulling into the center median between the lanes of Interstate 90. The officer stopped to check on Pirello, who explained that he had a flat tire. The deputy observed that Pirello had red, watery eyes, and that the smell of burnt marijuana emanated from the truck. A green, leafy substance was also plainly observed within the truck.

¶6 Pirello indicated to the deputy that he had a medical marijuana card from Washington State and consented to a search of the vehicle. The deputy found various

2

items of paraphernalia, three marijuana cigarettes, 20 small baggies containing a total of 52 grams of marijuana, and two one-gram bottles of liquid that were labeled "hash."

¶7 Pirello was charged with felony possession of dangerous drugs for the hashish (Count I) and misdemeanor criminal possession of dangerous drugs for the marijuana pursuant to § 45-9-102, MCA. He was also charged with misdemeanor possession of drug paraphernalia pursuant to § 45-10-103, MCA, and driving under the influence of drugs in violation of § 61-8-401, MCA.

¶8 He moved to dismiss Count I on the basis that his medical marijuana card entitled him to possess the hashish. His motion was denied by the District Court. He then entered a conditional guilty plea, which reserved his right to appeal the denial of his motion to dismiss. Pursuant to the terms of the agreement the additional misdemeanor charges were dismissed. The District Court sentenced him to a three-year deferred sentence, from which he timely appeals.

STANDARD OF REVIEW

¶9 The denial of a motion to dismiss in a criminal case presents a question of law which we review de novo. *State v. LeMay*, 2011 MT 323, ¶ 27, 363 Mont. 172, 266 P.3d 1278. The District Court's denial of Pirello's motion to dismiss based on its interpretation of the MMA was a conclusion of law, which we review for correctness. *State v. Roundstone*, 2011 MT 227, ¶ 11, 362 Mont. 74, 261 P.3d 1009.

¶10 Statutes enjoy a presumption of constitutionality. *Wing v. State ex rel. Dept. of Transp.*, 2007 MT 72, ¶ 12, 336 Mont. 423, 155 P.3d 1224. A defendant challenging a

statute's constitutionality bears the burden of proving it unconstitutional beyond a reasonable doubt. *Wing*, ¶ 12.

## ANALYSIS

¶11 Pirello claims that the MMA's exception for "usable marijuana" necessarily includes the hashish for which he was charged because the term is defined as "any mixture or preparation of marijuana." Otherwise, he claims that the term is unconstitutionally vague, and that the rule of lenity requires the MMA to be interpreted in his favor. The State argues that the MMA provides a limited exception to the prohibition of possession of marijuana, and that hashish is unambiguously excluded from this exception.

¶12 *Issue one: Did the District Court err in denying Pirello's motion to dismiss because it determined that he could not legally possess hashish oil under the Montana Marijuana Act, §§ 50-46-101 to -210, MCA (2009)?*

¶13 At the time of Pirello's arrest, the MMA provided patients limited exceptions to the provisions of Montana law that make possession of marijuana illegal:

> (1)  A person who possesses a registry identification card issued pursuant to 50-46-103 may not be arrested, prosecuted, or penalized in any manner or be denied any right or privilege, including but not limited to civil penalty or disciplinary action by a professional licensing board or the department of labor and industry, if:
> (a)  the qualifying patient or caregiver acquires, possesses, cultivates, manufactures, delivers, transfers, or transports marijuana not in excess of the amounts allowed in subsection (2); or
> (b)  the qualifying patient uses marijuana for medical use.
> (2)  A qualifying patient and that qualifying patient's caregiver may not possess more than six marijuana plants and 1 ounce of usable marijuana each.

4

(3)(a) A qualifying patient or caregiver is presumed to be engaged in the medical use of marijuana if the qualifying patient or caregiver:

(i)  is in possession of a registry identification card; and

(ii)  is in possession of an amount of marijuana that does not exceed the amount permitted under subsection (2).

(b)  The presumption may be rebutted by evidence that the possession of marijuana was not for the purpose of alleviating the symptoms or effects of a qualifying patient's debilitating medical condition.

Section 50-46-201(1)-(3), MCA (2009).

¶14  The MMA adopts the definition of marijuana found within the Controlled Substances Act (CSA), stating, "'Marijuana' has the meaning provided in 50-32-101." Section 50-46-102, MCA (2009). The CSA, in turn, provides that "marijuana" is "all plant material from the genus cannabis containing tetrahydrocannabinol (THC) or seeds of the genus capable of germination." Section 50-32-101(17), MCA (2009). Significantly, the CSA also specifically differentiates hashish: "*as distinguished from marijuana*, [hashish] means the mechanically processed or extracted plant material that contains tetrahydrocannabinol (THC) and is composed of resin from the cannabis plant." Section 50-32-101(14), MCA (2009) (emphasis added).

¶15  The issue in this case arises from the fact that in addition to "marijuana," the MMA also defines "usable marijuana," which is "the dried leaves and flowers of marijuana and any mixture or preparation of marijuana," excluding "the seeds, stalks, and roots of the plant." Section 50-46-102(10), MCA (2009). Thus, Pirello argues that hashish is one such "mixture or preparation of marijuana" under the MMA, regardless of differentiation provided by the CSA. He argues that "[i]t is only when looking to

5

statutes in other parts of the code that the definition of 'useable marijuana' is called into question."

¶16    To the contrary, when interpreting statutes within an act, we interpret individual sections of the act in a manner that ensures coordination with the other sections of the act. *State v. Johnson*, 2012 MT 101, ¶ 20, 365 Mont. 56, 277 P.3d 1232. "Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Section 1-2-101, MCA. Thus, in addressing this inquiry, it is necessary to consider the MMA and CSA in their entirety.

¶17    The State argues that to be "useable marijuana" as defined by 50-46-102(10), MCA (2009), the substance in question must first be "marijuana" as defined in 50-32-101(17), MCA (2009). We agree. When read together, it becomes clear that in order to have been considered "useable marijuana," the substance Pirello possessed needed to be a preparation of the intact "plant material from the genus cannabis." Once that plant material was "mechanically processed or extracted" in a manner that reduced it to resins, the substance ceased to fall within the definition of "marijuana," and therefore could not be contained within the definition of "useable marijuana."

¶18    We conclude in this case that the MMA was clear and unambiguous on its face, and that the District Court's interpretation appropriately harmonized the statutes. Hashish does not fall within the MMA's narrow exception to the CSA. Accordingly, we hold that the District Court did not err in denying Pirello's motion to dismiss the charge of criminal possession of dangerous drugs.

¶19    *Issue two: Does the rule of lenity require that the Montana Marijuana Act be interpreted in Pirello's favor?*

¶20    Pirello argues that the MMA's definition of "useable marijuana" is only ambiguous when read in conjunction with other statutes. Accordingly, he argues that the rule of lenity requires the act to be interpreted in his favor. The State argues that the rule of lenity is inapplicable to his situation because the definitions within the MMA are not ambiguous.

¶21    "It is well settled that a statute must be specific enough to give fair notice of the conduct prohibited and to provide a meaningful differentiation between culpable and innocent conduct." *State v. Stanko*, 1998 MT 323, ¶ 59, 292 Mont. 214, 974 P.2d 1139. Here, it is important to note that the MMA as it existed at the time provided a narrow exception to the general policy within the law that the possession of marijuana was illegal.

¶22    In addressing Pirello's argument that the definition of "useable marijuana" is an unnecessarily manufactured ambiguity, this Court's duty is to harmonize statutes relating to the same subject in order to give effect to each statute. *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448 (citing *Oster v. Valley Co.*, 2006 MT 180, ¶ 17, 333 Mont. 76, 140 P.3d 1079). As we noted above, the MMA specifically defines marijuana by reference to the CSA. Under the CSA, hashish is not marijuana. The definitions of "marijuana" and "useable marijuana" are clear and unambiguous and do not provide an exception to the CSA for hashish. Accordingly, we decline to apply the rule of lenity to Pirello's case.

CONCLUSION

¶23    Based upon the foregoing, the judgment of the District Court is affirmed.


/S/ MIKE McGRATH


We concur:


/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS