

DA 11-0585

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 263

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

SHAWN MICHAEL BROOKS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-0107
Honorable Mary Jane Knisely, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Joseph P. Howard, Attorney at Law, Great Falls, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant
Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Billings, Montana


Submitted on Briefs:  September 19, 2012
Decided:  November 20, 2012


Filed:


_____
                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Shawn Michael Brooks (Brooks) appeals from the judgment of the District Court for the Thirteenth Judicial District, Yellowstone County, sentencing him to a four-year suspended commitment to the Department of Corrections (DOC) and imposing a number of sentencing conditions. Specifically, Brooks appeals the sentencing requirement that he register as a violent offender. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On February 25, 2011, Brooks was charged with felony arson for setting fire to a car and two dumpsters in Billings, Montana. Brooks and the State entered into a plea agreement in which the State agreed to recommend a six-year suspended sentence at the DOC, plus restitution, in exchange for Brooks' guilty plea. The District Court accepted Brooks' plea, and ordered a presentence investigation report (PSI) prior to sentencing. The PSI details Brooks' criminal history, which dates back to 1989 and involves several misdemeanor and felony offenses. The PSI also sets forth Brooks' battle with alcoholism. It describes Brooks as a recovering alcoholic who in recent times would drink two or three times a week, consuming as much as a fifth of whiskey at each setting. Brooks admitted that he drinks to excess, and he associates drinking with his legal and financial problems. He reported that he completed an inpatient chemical dependency program in Missouri approximately eleven years ago, and remained sober for about eighteen months after. Jeff Snell (Snell), the probation and parole officer who completed Brooks' PSI, recommended the District Court follow the plea agreement and impose several sentencing conditions, including that Brooks

2

register as a violent offender as required by Montana's Sexual or Violent Offender Registration Act (SVORA).

¶3     The District Court held a sentencing hearing for Brooks on June 30, 2011.  At the hearing, Brooks' counsel recommended a three-year DOC sentence, all suspended.  Counsel assured the District Court that Brooks was remorseful for his actions, and argued the crime was alcohol-fueled and a result of his "ang[er] at the world."  Brooks' counsel further maintained that Brooks had "cleaned up" since his release from jail, and anticipated he would "continue on his endeavor to maintain his sobriety."  Brooks' counsel additionally objected to the PSI's probationary condition that required Brooks register as a violent offender, arguing the condition violates his constitutional right to privacy.  The State objected to Brooks' constitutional argument and recommended a six-year suspended DOC commitment and an order that Brooks pay $1600 in restitution.

¶4     The District Court sentenced Brooks to a four-year suspended DOC commitment, and required him to pay the $1600 in restitution.  It further imposed the recommended probationary conditions, including that Brooks register as a violent offender.  The District Court also ordered that Brooks complete anger management classes, as well as chemical dependency and mental health evaluations.

¶5     Brooks raises one issue on appeal, which we restate as follows:

¶6     *Did the District Court's sentencing condition requiring that Brooks register as a violent offender violate his constitutional right to privacy?*

## STANDARD OF REVIEW

¶7 This Court reviews de novo whether a district court violated a defendant's constitutional rights at sentencing. *State v. Bullplume*, 2011 MT 40, ¶ 10, 359 Mont. 289, 251 P.3d 114. We presume that all statutes are constitutional. *State v. Pirello*, 2012 MT 155, ¶ 10, 365 Mont. 399, 282 P.3d 662. A defendant challenging a statute's constitutionality bears the burden of proving it unconstitutional beyond a reasonable doubt. *Pirello*, ¶ 10.

## DISCUSSION

¶8 *Did the District Court's sentencing condition requiring that Brooks register as a violent offender violate his constitutional right to privacy?*

¶9 Brooks argues on appeal that the District Court violated his constitutional right to privacy when it required he register as a violent offender as a result of what he describes as a "single . . . isolated and out-of-character incident of arson." He asserts he has a subjective and actual expectation of privacy in his whereabouts and residential address and that there is no compelling State interest to justify the dissemination of this information. The State counters that Brooks' expectation of privacy is not the same as the average Montanan because he is a convicted felon and violent offender. Moreover, the State maintains that whatever expectation of privacy Brooks has as a violent offender, the State has a compelling interest in requiring him to register in order to protect the public and help law enforcement investigations.

**Montana's Sexual or Violent Offender Registration Act**

4

¶10    In 1989, the Montana Legislature enacted the Sexual Offender Registration Act (SORA), which imposed a registration requirement upon sexual offenders. Section 46-23-501, 504, MCA (1989). In 1995, the Legislature renamed the SORA to the Sexual or Violent Offender Registration Act (SVORA) and amended it to include a registration requirement for certain violent offenders. 1995 Mont. Laws 1481. Two years later, the Legislature again amended the SVORA and attached a preamble, which lists several legislative concerns that prompted the adoption of the SVORA. *State v. Mount*, 2003 MT 275, ¶ 44, 317 Mont. 481, 78 P.3d 829. These concerns include: (1) the danger of recidivism posed by sexual and violent offenders and the protection of the public; (2) the impairment of law enforcement's efforts to protect communities from lack of information about offenders; (3) the prevention of victimization and the prompt resolution of sexual or violent offenses; (4) the sexual or violent offender's reduced expectation of privacy because of the public's interest in safety; and (5) the furtherance of the primary governmental interest of protecting specific vulnerable groups and the public in general from potential harm. 1997 Mont. Laws 1742-43; *Mount*, ¶ 44.

¶11    The current SVORA defines a sexual or violent offender as "a person who has been convicted of . . . a sexual or violent offense," and specifically provides that arson, along with a number of other criminal offenses, constitutes a "violent offense" subject to the Act. Section 46-23-502(10), (13), MCA. At the time of registering, the offender must provide certain information including the offender's name, social security number, driver's license number, description and license number of any vehicles owned or operated by the offender, and residence, employment and education information. Section 46-23-504(3), MCA. The

5

offender is also fingerprinted and photographed, and all of the information is sent to the department of justice. Section 46-23-504(3), MCA.

¶12 Once the information is received by the department of justice, its dissemination to the public is dependent upon whether the offender is a sexual or violent offender. Pursuant to § 46-23-508(1), MCA, a registered violent offender's name, address and offense for which the offender was required to register become public criminal justice information. Additional information about the offender may be disseminated to the public only if the department of justice or the registration agency determines that the offender is "a risk to the safety of the community and that disclosure of the registration information . . . may protect the public. . . ." Section 46-23-508(1)(b), MCA. With regard to sexual offenders, the statute requires the dissemination of more information, the amount of which is dependent upon the level designation the offender receives.

¶13 Sexual offenders are generally required to register for life, while violent offenders are relieved of their registration obligation after 10 years, so long as they follow the registration requirements of the SVORA and are not convicted of any felonies during the ten-year period. Section 46-23-506(2), MCA.

**Montana's Right to Privacy**

¶14 Article II, Section 10, of the Montana Constitution affords citizens a fundamental right of individual privacy. A privacy interest is protected under Article II, Section 10, if (1) the individual had a subjective or actual expectation of privacy and (2) society is willing to recognize that expectation as reasonable. *Mont. Shooting Sports Ass'n v. State*, 2010 MT 8, ¶ 14, 355 Mont. 49, 224 P.3d 1240 (citing *State v. Burns*, 253 Mont. 37, 41, 830 P.2d 1318,

6

1321 (1992)). This Court has specifically recognized the diminished expectation of privacy of probationers. " 'Probation is an act of grace by a sentencing court, intended to give the offender a chance to rehabilitate outside the prison setting.' " *State v. Moody*, 2006 MT 305, ¶ 19, 334 Mont. 517, 148 P.3d 662 (quoting *State v. Boulton*, 2006 MT 170, ¶ 15, 332 Mont. 538, 140 P.3d 482). Probation is a form of punishment and, accordingly, probationers do not enjoy the same liberty and expectations of privacy afforded every Montanan citizen. *Moody*, ¶ 19. As the United States Supreme Court has recognized, " 'the very assumption of the institution of probation' is that the probationer 'is more likely than the ordinary citizen to violate the law.' " *United States v. Knights*, 534 U.S. 112, 120, 122 S. Ct. 587, 592 (2001) (quoting *Griffin v. Wis.*, 483 U.S. 868, 880, 107 S. Ct. 3164, 3172 (1987)).

¶15 Brooks will be on probation for the first four years that he is required to register as a violent offender. Consequently, he has a diminished privacy interest during this time. Even after he finishes serving his four-year probationary sentence, we cannot conclude that his privacy interests will be equal to those of an ordinary citizen. While society may generally recognize individuals' expectation of privacy in their whereabouts and residential address as reasonable, Brooks is not the average individual—he is a convicted felon and violent offender. The Legislature determined, as a matter of public policy, that the registration laws are necessary because "persons who have committed a sexual or violent offense have a reduced expectation of privacy because of the public's interest in safety." Section 46-23-501, MCA. As a result of Brooks' conviction of felony arson, he has a diminished privacy interest in the personal information required at his registration.

¶16    The State argues, and we agree, that whatever limited expectation of privacy Brooks has as a violent offender in his whereabouts and residential information, the State's compelling interest in requiring that he register justifies the enactment of the SVORA.

¶17    Any legislative infringement of the fundamental right to privacy is subject to strict scrutiny analysis—which means the government must show that the law is narrowly tailored to serve a compelling state interest. *Mount*, ¶ 98. This Court has already determined in *Mount* that the State has a compelling interest in enacting the SVORA, and that its registration and disclosure requirements are narrowly tailored to affect only those interests. *Mount*, ¶ 99. There, defendant Mount was charged with failing to register as a sexual offender following his release from prison for a sexual intercourse without consent conviction. *Mount*, ¶¶ 9-11. The district court dismissed the charge, determining that the SVORA, as applied to Mount, violated the constitutional prohibition against *ex post facto* laws. *Mount*, ¶ 12. On appeal, we reversed the district court's ruling. In addition to the *ex post facto* issue, we addressed Mount's contention that the SVORA violated his constitutional right to privacy. *Mount*, ¶ 93. While we acknowledged that Mount's privacy rights may be implicated by the registration requirement, we cited to the SVORA's Preamble, which lays out the concerns that prompted the adoption of the Act, to support our conclusion that the State had a compelling interest in enacting the legislation. *Mount*, ¶ 99. Further, we determined that the registration requirements are tailored to disclose only the information necessary to further the Act's purpose. *Mount*, ¶ 99.

¶18    Brooks maintains that since *Mount* involved a sexual offense instead of a violent offense our analysis is "not necessarily controlling or instructive of the present case." With

8

regard to the State's compelling interest, Brooks argues that because there are not "serial arsonists," the SVORA does not reflect the same legislative concern for recidivism of individuals convicted of arson as it does for sexual offenders. He additionally asserts that his actions do not necessarily implicate public safety and that the dissemination of his whereabouts and residential information will not protect the public. Therefore, he argues, the reasons we upheld the constitutionality of the SVORA in *Mount* are not applicable in the present case. We find Brooks' arguments unpersuasive.

¶19 Each of the legislative concerns listed in the SVORA's Preamble explicitly regard violent offenders. 1997 Mont. Laws 1742-43. There is no indication that the concern for recidivism, public safety, and law enforcement's abilities to protect communities is any greater for sexual offenders than violent ones. In addition, the present matter illustrates exactly why the State has a compelling interest in requiring violent offenders such as Brooks to register in accordance with the SVORA's provisions. Brooks has a track record of drinking and making poor decisions, and associates his alcoholism with his legal problems—which include felony and misdemeanor convictions. In addition to his current "alcohol-fueled" arson offense, Brooks has been convicted for driving under the influence and partner/family member assault. We therefore cannot agree with Brooks' assertions that his actions do not implicate public safety and that the State's claim that he will engage in future wrongdoing is "speculation at best." The State clearly has a compelling interest in requiring Brooks register to protect the public from potential future crimes committed by Brooks as well as assist law enforcement in investigating those crimes.

¶20 In addition to arguing there is no compelling State interest justifying the registration laws, Brooks also maintains the SVORA is not narrowly tailored, despite our determination in *Mount* that it is. *Mount*, ¶ 99. Brooks argues our holding in *Mount* does not apply here because he is a violent offender, and even if the SVORA is narrowly tailored as applied to sexual offenders it is not as to violent ones. We disagree. While Brooks correctly recognizes that unlike sexual offenders violent offenders are not given level designation that dictates what information is provided to the public, he incorrectly concludes that such a categorization is necessary for the law to be narrowly tailored. Because violent offenders are required to release less information than sexual offenders—typically only name, address, and offense—designation levels would not serve much of a purpose. It is only upon a determination that the violent offender is a risk to the public's safety and that disclosure of additional information may protect the public that additional information is disseminated. In addition to providing less information than sexual offenders, violent offenders are typically required to register for shorter periods of time—ten years as opposed to the remainder of their lives. We therefore follow our holding in *Mount* and conclude that the SVORA is narrowly tailored to achieve the State's compelling interests without imposing any substantial or excessive hardships on the violent offender.

## CONCLUSION

¶21 For the reasons stated above, we affirm the District Court's judgment.

¶22 Affirmed.

/S/ MICHAEL E WHEAT

10

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS