**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30115 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:18-cr-00005-DLC-1 |
| ADAM WALTER CAMPBELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 31, 2020[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[***] District Judge.

Adam Campbell appeals the denial of his motion to enjoin the government

from spending funds to prosecute marijuana-related offenses under our decision in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

*United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To prevail in a *McIntosh* hearing, Campbell must prove by a preponderance of the evidence that he strictly complied with state medical marijuana laws. *United States v. Evans,* 929 F.3d 1073, 1076–77 (9th Cir. 2019). We review de novo the district court's interpretation of state law. *Asante v. Cal. Dep't of Health Care Servs.*, 886 F.3d 795, 799 (9th Cir. 2018) (citing *In re McLinn*, 739 F.2d 1395, 1403 (9th Cir. 1984) (en banc)).

The district court did not err in concluding that, because hash oil did not fall within the safe harbor of the 2015 Montana Marijuana Act ("MMA"), Campbell did not strictly comply with state law. *See State v. Pirello*, 282 P.3d 662, 664–65 (Mont. 2012) (when marijuana plant material is "'mechanically processed or extracted' in a manner that reduced it to resins"—as required to produce hash oil—"the substance cease[s] to fall within the definition of 'marijuana,' and therefore [cannot] be contained within the definition of 'useable marijuana.'" (citation omitted)).

Campbell's remaining challenges are unpersuasive. Although Campbell argues he is entitled to the rule of lenity given the vagueness of the MMA, the MMA is far from being grievously ambiguous. *See United States v. Wyatt*, 408 F.3d 1257, 1262 (9th Cir. 2005) (rule of lenity applies where "there is grievous

2

ambiguity or uncertainty in the statute and when, after seizing everything from which aid can be derived, [the court] can make no more than a guess as to what [was] intended" (quoting *United States v. Phillips*, 376 F.3d 846, 857, n. 39 (9th Cir. 2004))); *see also Pirello*, 282 P.3d at 665 (declining to invoke the rule of lenity). Because the legislature did not plainly intend the 2017 MMA amendments to operate retroactively, they do not serve to clarify any alleged ambiguity surrounding marijuana-infused products in the 2015 MMA. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1079 (9th Cir. 2005); M.C.A. § 1-2-109 (2017).

**AFFIRMED**.