ORIGINAL

FILED

02/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0553

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0553

FILED

FEB 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WESLEY W. CHARLO,

Petitioner,

v.

ORDER

T.J. MCDERMOTT, Sheriff,
MISSOULA COUNTY DETENTION CENTER,

Respondents.

Self-represented Petitioner Wesley W. Charlo has filed a Petition for Writ of Habeas Corpus, putting forth that "he is being unlawfully deprived of his liberty." The State has filed a Motion to Dismiss, explaining that Charlo's challenge goes to his conviction and is now moot.

Both Charlo and the State provide Charlo's criminal background, which we summarize. In May 1997, after being convicted of felony assault in the Lake County District Court, Charlo received a three-year deferred sentence. The District Court required him to register as a violent offender for ten years, or until May 2007. In 2012, the State and Charlo entered into a plea agreement, whereby Charlo pleaded guilty to the offense of failure to register. The court accepted Charlo's guilty plea. Charlo did not appeal. In July 2021, Charlo filed a petition for postconviction relief in the District Court. He later moved to vacate his 2012 conviction for failure to register. The court dismissed the petition.

Charlo states that his first two felonies are fourteen years apart. He contends that he should not have received a 2012 conviction for failure to register as a violent offender, pursuant to *State v. Sedler*, 2020 MT 246, 401 Mont. 437, 473 P.3d 406. *See also* § 46-23-506(2)(b), MCA (1995). He references several statutes concerning the registration requirement and contends that his conviction should not have occurred. Charlo concludes that his 2012 conviction is void.

In its Motion, the State explains that Charlo filed his instant Petition prior to the District Court's "Order Vacating [Conviction] and Sentence." The State submits that in January 2022, the court vacated Charlo's 2012 conviction and ordered that all documents related to the conviction be expunged, pursuant to § 46-23-507(2)(a), MCA. The State points out that Charlo has received his requested remedy in the District Court. The State concludes that dismissal is warranted because it is moot. *Skinner Enters. v. Lewis and Clark City-County Health Dep't.*, 1999 MT 106, ¶ 12, 294 Mont. 310, 980 P.3d 1049.

Charlo responds and requests his immediate release. He states that his most recent criminal causes, arising in 2019 and 2020, "must be expunged or also dismissed with prejudice[.]"

Montana's statute for habeas corpus relief provides that a court may inquire into the cause of restraint or incarceration. Section 46-22-101(1), MCA. "The writ of habeas corpus is designed to correct such flaws and to remedy 'extreme malfunctions in the state criminal justice systems.'" *Lott v. State*, 2006 MT 279, ¶ 20, 334 Mont. 270, 150 P.3d 337 (citation omitted). Acknowledging that the District Court has corrected its error, we find the State's motion dispositive concerning Charlo's claim for relief. We decline to address any new claims about his most recent offenses when Charlo may seek relief in the District Court or petition this Court for relief in a separate proceeding. M. R. App. P. 14(2). Charlo is not entitled to his immediate release. Therefore,

IT IS ORDERED that Charlo's Petition for Writ of Habeas Corpus is DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Wesley W. Charlo personally.

DATED this 15 day of February, 2022.

_____
Chief Justice

_____

2

_____

_____

_____
Justices