

DA 11-0477

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 166

KINGSLEY ARIEGWE,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. DDV-08-1227(a)
                 Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Wade M. Zolynski, Chief Appellate Defender, Garrett R. Norcott,
           Assistant Appellate Defender, Helena, Montana

       For Appellee:

           Steve Bullock, Montana Attorney General, Mardell Ployhar, Assistant
           Attorney General, Helena, Montana

           John Parker, Cascade County Attorney, Great Falls, Montana

                       Submitted on Briefs:  May 30, 2012

                             Decided:  August 9, 2012

Filed:

                     _____
                                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Kingsley Ariegwe (Ariegwe) appeals from the Findings of Fact, Conclusions of Law, and Order (Order) entered by the Eighth Judicial District Court of Cascade County, Montana, denying his petition for postconviction relief (PCR).

¶2 We affirm.

## ISSUES

¶3 The dispositive issue on appeal is:

¶4 Did the District Court err when it denied Ariegwe's claim of ineffective assistance of counsel?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On January 15, 2003, Ariegwe, age 35, virtually met a 15-year-old female, K.M., in an Internet chat room. After chatting online and looking at her online profile, which included K.M.'s picture and age, Ariegwe gave K.M. his phone number. K.M. called Ariegwe, and on January 17, 2003, the two of them met in person and an alleged sexual encounter occurred. Shortly after the incident K.M. called her friend R.K. to tell her about it, stating that she had had sex with a 32-year-old man. Unknown to either of the girls, the phone conversation was inadvertently recorded on an answering machine at R.K.'s house. The tape of the conversation was preserved and is at issue in this appeal.

¶6 Ariegwe was charged with sexual intercourse without consent, a felony in violation of § 45-5-503, MCA (2001), attempted sexual intercourse without consent, a felony in violation of §§ 45-4-103 and 45-5-503, MCA (2001), and unlawful transactions with children, a misdemeanor in violation of § 45-5-623(1)(c), MCA (2001). A jury trial

was held in early March 2004, at which Dr. Janet Merrill (Dr. Merrill), a licensed psychologist who had examined K.M., testified on behalf of the State without objection from Ariegwe's counsel.

¶7 During his opening statement, Ariegwe's counsel told the jury about the taped conversation between the girls and implied that the jury would get to listen to the recording of it during trial. However, defense counsel never offered the tape into evidence. He later noted the omission in his closing statement.

¶8 On March 4, 2004, Ariegwe was convicted of attempted sexual intercourse without consent and unlawful transactions with a minor, and acquitted of sexual intercourse without consent. *State v. Ariegwe*, 2007 MT 204, ¶ 13, 338 Mont. 442, 167 P.3d 815. Ariegwe appealed the conviction and sentence, and this Court affirmed the conviction and reversed and remanded the restitution portion of the sentence. *Ariegwe*, ¶¶ 1, 182.

¶9 Through counsel, Ariegwe petitioned for PCR, raising several arguments. Those presented for appeal are whether Ariegwe received ineffective assistance of counsel (IAC) when his trial counsel failed to object to the testimony of Dr. Merrill and failed to introduce into evidence the recorded conversation between K.M. and R.K.

¶10 An evidentiary hearing on Ariegwe's PCR petition was held on March 17, 2011. At the hearing, both parties were represented by counsel and presented evidence, including the testimony of Ariegwe's trial counsel. After the hearing, the court requested submission of the recorded phone conversation and listened to it. On June 29, 2011, the District Court issued the Order denying Ariegwe's petition for PCR. The court

determined that Ariegwe was not prejudiced by his counsel's failure to object to Dr. Merrill's expert testimony or failure to introduce the recorded conversation into evidence.

¶11 Ariegwe appeals.

## STANDARD OF REVIEW

¶12 "[This Court] review[s] a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Miller v. State*, 2012 MT 131, ¶ 9, 365 Mont. 264, ___ P.3d ___ (quoting *Hammer v. State*, 2008 MT 342, ¶ 9, 346 Mont. 279, 194 P.3d 699). "A petitioner for post-conviction relief must prove by a preponderance of evidence that he or she is entitled to relief." *Miller*, ¶ 14 (quoting *Rogers v. State*, 2011 MT 105, ¶ 15, 360 Mont. 334, 253 P.3d 889).

¶13 "Ineffective assistance of counsel claims are mixed questions of law and fact [which this Court reviews] de novo." *Miller*, ¶ 9 (citing *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861).

## DISCUSSION

¶14 *Issue: Did the District Court err when it denied Ariegwe's claim of ineffective assistance of counsel?*

¶15 Under the Sixth and Fourteenth Amendments to the United States Constitution and under Article II, Section 24 of the Montana Constitution, the right to counsel in criminal prosecutions is guaranteed. *Miller*, ¶ 12. "The right to counsel on appeal includes the right to effective assistance of counsel." *Miller*, ¶ 12 (citations omitted). Claims of ineffective assistance of counsel are reviewed using the two-part test described in

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), where "the defendant must demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant." *Miller*, ¶ 13 (quoting *St. Germain v. State*, 2012 MT 86, ¶ 8, 364 Mont. 494, 276 P.3d 886).

¶16    In assessing whether counsel's performance was deficient under the first prong, we "determine whether counsel's representation fell below an objective standard of reasonableness considering prevailing professional norms and all the circumstances." *Miller*, ¶ 13 (quoting *St. Germain*, ¶ 10). "Under the second prong, 'the defendant must show that, but for counsel's errors, a reasonable probability exists that the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.' " *Miller*, ¶ 13 (quoting *St. Germain*, ¶ 11) (internal citation omitted). In order to prevail, the defendant must satisfy both prongs of the *Strickland* test. *Miller*, ¶ 13.

¶17    Ariegwe denied there was sexual contact between him and K.M., while K.M. firmly maintained that there was forcible sexual contact, including penetration. Ariegwe asserts that the physical evidence was not conclusive and therefore the case came down to the credibility of the witnesses. Thus, he argues on appeal that his trial counsel was ineffective in failing to object to Dr. Merrill's testimony regarding the credibility of K.M. and failing to introduce into evidence the recorded conversation between K.M. and R.K. The State counters that Ariegwe failed to demonstrate that his counsel was deficient or that he was prejudiced by his counsel's performance. We review each claim in turn.

¶18    **A.  Expert Testimony**

¶19 Dr. Merrill testified without objection from Ariegwe's attorney that K.M. suffered from post-traumatic stress disorder and depression, and that her diagnosis was consistent with that of a teenager who had been sexually abused. Ariegwe contends that Dr. Merrill's testimony was inadmissible because it inappropriately bolstered K.M.'s credibility by "plac[ing] an aura of scientific authority" over K.M.'s allegations, when the credibility of the alleged victim should have been exclusively within the province of the jury.

¶20 We have held that expert testimony concerning the credibility of an alleged victim is generally improper because it invades the province of the jury. *State v. Harris*, 247 Mont. 405, 409-10, 808 P.2d 453, 455 (1991). An exception exists in certain cases involving the sexual abuse of a minor child. *Harris*, 247 Mont. at 410, 808 P.2d at 455. However, we held in *State v. Hensley*, 250 Mont. 478, 482, 821 P.2d 1029, 1031-32 (1991), that where an alleged victim was sixteen years of age and competent to testify, it was error to admit expert testimony regarding the credibility of the alleged victim. Here, K.M. was sixteen years old and competent when she testified.

¶21 Ariegwe argues that his counsel should have objected to Dr. Merrill's testimony under *Hensley*, and that his failure to do so establishes that he did not know or understand the law. He contends that Dr. Merrill's testimony should not have been admitted due to the danger of unfair prejudice, and that it bolstered K.M.'s credibility while not providing the jury with any new information. The State argues that Dr. Merrill's testimony did not directly comment on K.M.'s credibility, was not offered to bolster K.M.'s credibility, and

6

that no reasonable probability exists that the outcome would have been different had Dr. Merrill not testified.

¶22 Assuming for the sake of argument that Dr. Merrill's testimony concerning the credibility of K.M.'s story was erroneously admitted under *Hensley,* this does not end the IAC inquiry. Ariegwe's burden of proof under the *Strickland* test is two-fold. First, Ariegwe must show that his counsel's performance was deficient. Second, he must show that he was prejudiced by his counsel's deficient performance, in that a reasonable probability exists that the result of the proceeding would have been different had his counsel objected to Dr. Merrill's testimony. *Miller*, ¶ 13. In making this determination, the totality of the evidence before the judge or jury must be considered, as required by *Strickland*. *State v. Wing*, 2008 MT 218, ¶ 43, 344 Mont. 243, 188 P.3d 999.

¶23 Ariegwe vigorously argues that his lawyer's performance was deficient, but he does not address the second prong—whether he was prejudiced due to a reasonable probability that the result would have been different had his counsel objected to Dr. Merrill's testimony. If either prong of the *Strickland* test is not met, then the IAC inquiry can end. *State v. Gunderson*, 2010 MT 166, ¶ 68, 357 Mont. 142, 237 P.3d 74. We conclude Ariegwe has failed to satisfy the prejudice prong because we cannot conclude that, but for the failure of Ariegwe's counsel to object to Dr. Merrill's testimony, the result of Ariegwe's trial would have been different. *See Wing*, ¶ 44.

¶24 The case against Ariegwe was supported by substantial evidence in addition to K.M.'s testimony, including fibers found on K.M.'s underwear from a unique blanket owned by Ariegwe and the presence of amylase on the inside of K.M.'s underwear. This

evidence is notable because Ariegwe insisted that K.M.'s pants were never removed during their encounter. In addition, photographic evidence buttressed K.M.'s version of events, as did the testimony of R.K. and K.M.'s father. Moreover, the jury was still obligated to assess the credibility of K.M., and it had the discretion to accept or reject Dr. Merrill's testimony in its entirety. *See State v. Geyman*, 224 Mont. 194, 200-01, 729 P.2d 475, 479-80 (1986). In sum, Ariegwe has not demonstrated that without Dr. Merrill's testimony, there is a reasonable probability that the result would have been different. This being so, we decline to further address the deficiency prong of the *Strickland* test or the propriety of Dr. Merrill's testimony.

¶25 We conclude that the District Court did not err in concluding that Ariegwe was not prejudiced by his counsel's failure to object to Dr. Merrill's testimony.

¶26 **B. Recorded Conversation**

¶27 As noted above, counsel for Ariegwe told the jury in his opening statement that it would hear the tape-recorded conversation between K.M. and her friend R.K. However, he forgot to introduce the tape into evidence, and ended up discussing the omission during his closing argument. He later testified at the PCR hearing that the tape had been important to his case strategy, as he had wanted to use K.M.'s voice inflections on the tape to attack her credibility.

¶28 Ariegwe argues on appeal that the District Court erred in denying his claim for IAC for counsel's failure to introduce the recorded conversation into evidence. He maintains that K.M.'s inflection on the tape as she described the alleged sexual encounter to R. K. was enthusiastic and boastful. Ariegwe posits she made up the story to enhance

8

her stature, and that when the answering machine tape was discovered, she became locked into her false story. Ariegwe claims that it was important that the jury hear the recorded conversation, as it would have assisted it in assessing K.M.'s credibility.

¶29 After listening to the recorded conversation during the PCR proceedings, the District Court determined that Ariegwe was not prejudiced by the failure to introduce the recording into evidence, given its content and poor audio quality. The State examined both K.M. and R.K. about the phone conversation, and Ariegwe's counsel had the full opportunity to cross-examine both of them. In addition, the court concluded that the recorded conversation was potentially inculpatory rather than exculpatory because in it K.M. stated that she had had sex with a man and that it was not supposed to happen. If anything, these nearly contemporaneous statements underscored K.M.'s testimony that the sexual encounter had actually occurred. The court noted that had the recorded conversation been introduced to the jury, Ariegwe may well have been convicted of sexual intercourse without consent, rather than being acquitted of the charge. The court therefore found that counsel's error in not introducing the recorded conversation into evidence did not undermine confidence in the outcome of the trial.

¶30 We agree with the District Court. Ariegwe has not demonstrated that but for his counsel's failure to introduce the tape as intended, a reasonable probability existed that the result of the proceeding would have been different—or more favorable—to him.

**CONCLUSION**

¶31 For the foregoing reasons, we conclude that the District Court did not err when it denied Ariegwe's claim of IAC. The District Court's findings of fact are not clearly

9

erroneous and its conclusions of law are correct. We therefore affirm the denial and dismissal of Ariegwe's petition for PCR.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER