FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0693

DA 16-0693

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 79N

FRANCO LEO TORRES,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 16-0192
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Franco Leo Torres, self-represented, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant
Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: November 29, 2017

Decided: April 3, 2018

Filed:

                                              Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, we decide this case by memorandum opinion, which shall not be cited and does not serve as precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Franco Leo Torres (Torres) appeals the judgment of the Montana Thirteenth Judicial District Court dismissing his petition for postconviction relief pursuant to § 46-21-201(1)(a), MCA, for failure to state a legally and factually sufficient claim. We affirm.

¶3 On February 17, 2015, Torres was convicted upon jury trial of the offense of Partner/Family Member Assault (PFMA), a felony in violation of § 45-5-209, MCA. Torres and the State subsequently entered into a written post-trial agreement pursuant to § 46-12-211(1)(b), MCA, designating Torres a persistent felony offender (PFO) and committing him to a five-year placement in the Department of Corrections Boot Camp program. In return for the State's binding sentencing recommendation, Torres agreed to waive his rights to appeal and to challenge the validity of prior criminal convictions as predicates for his felony PFMA conviction and PFO designation. The District Court ultimately sentenced Torres in accordance with the parties' agreement. Torres did not appeal.

¶4 On February 8, 2016, Torres filed a pro se petition for postconviction relief pursuant to Title 46, chapter 21, MCA. As grounds for the petition, Torres asserted numerous ineffective assistance of counsel (IAC) claims and alleged that an eleven-month post-trial sentencing delay violated his right to due process of law under the United States and Montana constitutions.[1] On May 3, 2016, the District Court ordered the State to respond to the various IAC-related claims upon obtaining the responses of Torres' counsel pursuant to *In re Gillham*, 216 Mont. 279, 704 P.2d 1019 (1985). On June 29, 2016, the District Court denied and dismissed the due process and jurisdictional claims on the merits. In a July 7, 2016 motion for leave to amend his petition, Torres additionally claimed that the court lacked jurisdiction to proceed to conviction absent an initial grand jury indictment or probable cause determination upon a noticed preliminary hearing. Upon consideration of the State's supported response, the court dismissed Torres' IAC claims pursuant to § 46-21-201(1)(a), MCA, for failure to state a legally and factually sufficient claim. Torres timely appeals.

¶5 We review a district court denial of a petition for postconviction relief to determine whether applicable findings of fact are clearly erroneous and whether applicable conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. However, ineffective assistance claims present mixed questions of fact and law

---

[1] In a written order issued on June 29, 2016, the District Court ruled that the six postconviction claims separately set forth in Torres' pro se petition substantively boiled down to the referenced due process claim and numerous non-record-based IAC claims.

which we review de novo. *Whitlow*, ¶ 9. We review a district court decision to dismiss a postconviction petition without a hearing pursuant to § 46-21-201(1)(a), MCA, for an abuse of discretion. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, 988 P.2d 299 (citing *State v. Sullivan*, 285 Mont. 235, 239, 948 P.2d 215, 218 (1997)).

¶6      Torres first asserts that the District Court erroneously denied him the opportunity to amend his petition pursuant to § 46-21-105, MCA. The record reflects that Torres moved for leave to amend his petition to add a postconviction claim that the District Court lacked jurisdiction to proceed to conviction absent an initial grand jury indictment or probable cause determination on a noticed preliminary hearing. Though the District Court did not formally grant or deny leave to amend the petition, the record demonstrates that Torres' motion set forth substantive legal analysis on the issue and that the court in turn squarely addressed the claim on the merits. In essence, the court implicitly granted the motion by treating the substantive legal analysis therein as an amended postconviction claim and addressing it on the merits. To the extent that Torres further asserts that the District Court erroneously decided the issue on the merits, we conclude that the court correctly ruled that the State properly charged Torres by ex parte probable cause affidavit and court-endorsed Information pursuant to § 46-11-101, MCA, without statutory or constitutional requirement for a grand jury indictment or preliminary hearing.

¶7      Torres next asserts that the District Court erroneously denied him a hearing on his IAC-related claims. Whether to hold an evidentiary hearing on a postconviction petition is a discretionary matter, required only in "unique circumstances" such as where necessary

4

to develop and review non-record facts likely to be material to an asserted claim. *Heath v. State*, 2009 MT 7, ¶¶ 21-27, 348 Mont. 361, 202 P.3d 118; *see also State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20; § 46-21-201(1)(a) and (5), MCA. However, a postconviction hearing may "not serve as a broad discovery device" with which to embark upon "a 'fishing expedition' in an attempt to establish" grounds for postconviction relief. *Heath*, ¶ 27. Torres has failed to demonstrate on appeal that a hearing was necessary to develop additional non-record facts or as a means to resolve genuine issues of material fact within the record following the State's supported response.

¶8    The District Court rejected Torres' assertion that an eleven-month post-trial sentencing delay violated his right to due process of law. Our review of the record indicates that the District Court engaged in a particularized due process analysis in accordance with *State v. Betterman*, 2015 MT 39, ¶¶ 26-32, 378 Mont. 182, 342 P.3d 971 (focusing on the reasons for the post-trial sentencing delay and the extent of resulting prejudice under the totality of the circumstances). The District Court essentially concluded that Torres failed to make a non-speculative showing that the delay unreasonably prejudiced him and, to the extent that the claim was IAC-related and not subsumed in his non-record IAC claims, the record did not support Torres' assertion that the delay resulted from the deficient performance of counsel. Our review of the record indicates that the District Court correctly analyzed Torres' due process claim under governing law to reach a factually and legally supported conclusion. Torres has failed to show otherwise on appeal.

¶9 Finally, Torres asserts numerous other IAC and IAC-related claims. A postconviction petitioner has the burden of showing by a preponderance of the evidence that the facts of record warrant the requested relief. *Heath*, ¶ 16; *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473; *Cobell*, ¶ 12. The performance of counsel is constitutionally ineffective only if (1) deficient and (2) the deficient performance resulted in actual prejudice to the defendant's right to a fair trial. *Ariegwe v. State*, 2012 MT 166, ¶ 15, 365 Mont. 505, 285 P.3d 424; *Heath*, ¶ 17; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). An IAC claimant has the heavy burden of demonstrating that counsel's performance was ineffective under both prongs of the *Strickland* analysis. *Sartain v. State*, 2012 MT 164, ¶¶ 9, 11, 365 Mont. 483, 285 P.3d 407; *Whitlow*, ¶¶ 10-14. The reviewing court may consider the *Strickland* prongs in either order and need not consider both if one is dispositive of an IAC claim. *Bomar v. State*, 2012 MT 163, ¶ 8, 365 Mont. 474, 285 P.3d 396; *Miller v. State*, 2012 MT 131, ¶ 13, 365 Mont. 264, 280 P.3d 272; *Cobell*, ¶ 15.

¶10 Under the first *Strickland* prong, counsel's performance is presumptively reasonable and sufficient within the "broad range of reasonable professional conduct" and "sound trial strategy." *Whitlow*, ¶ 21. *See also Worthan v. State*, 2010 MT 98, ¶ 10, 356 Mont. 206, 232 P.3d 380 (judicial review of counsel's performance "must be highly deferential"). Counsel's performance is constitutionally deficient only if it falls "below an objective standard of reasonableness" under the totality of the circumstances and "prevailing professional norms." *Ariegwe*, ¶ 16. The Sixth Amendment and Article II, Section 24,

6

only guarantee a reasonably competent lawyer and assistance of counsel, not "perfect advocacy judged with the benefit of hindsight." *Bomar*, ¶ 19 (citing *Whitlow*, ¶ 32); *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003). Under the second *Strickland* prong, a deficient performance results in actual prejudice only if it is reasonably probable under the totality of the circumstances that the outcome would have been different but for the deficient performance. *Ariegwe*, ¶ 16; *Heath*, ¶ 17. In this context, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cobell*, ¶ 14.

¶11 Whether viewed individually or cumulatively, Torres' IAC claims are essentially no more than assertions as to various actions or inactions by counsel coupled with unsupported assertions that the actions or inactions were deficient and prejudicial. Torres' IAC claims are completely devoid of any supported showing that the cited actions and inactions fell below an objective standard of reasonableness under the totality of the circumstances and prevailing professional norms. The asserted IAC claims are similarly devoid of any supported, non-speculative showing of a reasonable probability that the outcome would have been different had counsel performed as Torres asserts they should have. Our review of the record indicates that the District Court correctly ruled that Torres failed to make an affirmative factual and legal showing sufficient to overcome the presumption that he received constitutionally effective counsel under the totality of the circumstances.

¶12 Upon review of a postconviction petition in light of the State's response and the court record, a district court may dismiss the petition for failure to state a legally or factually sufficient claim under § 46-21-201(1)(a), MCA. Torres has failed to show on appeal that the District Court dismissed his petition based on a clearly erroneous finding of material fact, an erroneous conclusion of law, or abuse of discretion. We hold that the District Court correctly denied and dismissed Torres' petition for postconviction relief.

¶13 We decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14 Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE