FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0057

DA 19-0057

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 61N

DAVID W. NELSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM: District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV-18-15
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David Wayne Nelson, Self-represented, Deer Lodge, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

Kathryn McEnery, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs: November 12, 2020

Decided: March 9, 2021

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Wayne Nelson appeals the January 2019 judgment of the Montana Third Judicial District Court, Powell County, denying his petition for postconviction relief from his 2017 conviction on two counts of Deliberate Homicide. We affirm.

¶3 In 2015, the State charged Nelson with felony Theft, two counts of Deliberate Homicide, and two counts of felony Obstructing Justice based on allegations that he stole seventeen 100-ounce silver bars belonging to Gregory Giannonatti, later murdered Mr. Giannonatti and his mother (Beverly) when confronted about the theft, and then concealed their bodies and the other evidence of the crimes to avoid arrest and prosecution. The subsequent investigation further revealed that, at Nelson's request, his wife subsequently re-painted the bathroom where the murders occurred, and withdrew the proceeds of his sale of the stolen silver ($26,000) from a joint account for delivery to him. The Powell County Sheriff recommended no charges against the wife, however, based on his view that the investigation indicated that she did so without knowledge of Nelson's crimes.

¶4 After initial denials following his arrest, Nelson eventually confessed that he had indeed stolen the silver bars, murdered the mother and son, and concealed the evidence as charged. He emphatically asserted, however, that his wife had no knowledge of or

2

involvement in any of his crimes. While incarcerated after confessing, Nelson asked to speak with the Sheriff on several occasions out of concern for his wife to verify that the State would not prosecute her and to re-emphasize that she had no knowledge of or involvement in his crimes. Unprompted, Nelson told the Sheriff that he would not plead guilty if the State was going to prosecute his wife. The Sheriff then passed on Nelson's statements to the County Attorney.

¶5 By correspondence to Nelson's counsel in February 2016, the County Attorney tendered an initial plea offer proposing that Nelson plead guilty to both homicides and the theft in return for dismissal of the obstruction charges and a State recommendation for life sentences on the homicides, 10 years on the theft, and no State recommendation as to whether the sentences would run consecutively or concurrently. Based on the available investigative information, the offer further stated that:

> [the State] would [also] agree not to pursue potential contemplated charges against [Nelson's wife] for Accessory to the Theft [regarding] her withdrawal of the funds from the bank, [and] Obstructing Justice [regarding the] painting [of] the bathroom.

Nelson did not accept the State's initial offer.

¶6 However, in September 2016, Nelson accepted a later offer from the State calling for him to plead guilty to the homicides in return for dismissal of the theft and obstructing charges and a State recommendation for concurrent life sentences on the homicides with no recommendation for a parole restriction. Unlike the initial plea offer, the September 2016 agreement did not include the non-prosecution of Nelson's wife as part of the stated contract consideration. The written agreement, and concurrently executed written acknowledgement of waiver of rights, clearly and comprehensively stated and

3

acknowledged Nelson's unequivocal understanding of the full complement of his trial rights, the waiver effect of his contemplated guilty plea (including, *inter alia*, waiver of the right to appeal[1]), as well as the parties, terms, and effect of the agreement (including the right to withdraw his plea prior to sentencing if the court was inclined to deviate from the agreement). The change of plea documents further included express assertions by Nelson that the agreement was limited to its express terms with no other promises or inducements, that he entered into it voluntarily without threat or coercion, and that he had adequate opportunity to consult with his counsel and was satisfied with the representation received. At the change of plea hearing on September 6, 2016, Nelson appeared with counsel, made similar comprehensive acknowledgments and representations upon colloquy with court and counsel, and then pled guilty to the charged homicides.

¶7 Prior to sentencing, both parties filed sentencing memoranda recommending that the court sentence Nelson in accordance with the terms of the plea agreement. However, both memoranda noted and acknowledged that life sentences under § 45-5-102(2), MCA, inherently include a 30-year parole eligibility restriction as a matter of law, regardless of the lack of an express parole restriction in the sentence imposed by the court. *See* § 46-23-201(4), MCA. At sentencing in March 2017, both parties recommended concurrent life sentences on the homicides in accordance with the plea agreement, with acknowledgment that they necessarily included inherent 30-year parole eligibility restrictions as a matter of law. However, in response to the stated victims' family concern

---

[1] The agreement expressly noted, however, that the waiver of the right to appeal did not include waiver of the right to appeal based on a challenge of the voluntariness of the plea.

for assurance that Nelson not be eligible for earlier parole, the District Court indicated its inclination to impose an express 30-year parole restriction on the concurrent life sentences and thus inquired of defense counsel as to whether the express parole restriction would constitute a material deviation from the terms of the plea agreement in light of the redundant restriction imposed as an inherent matter of law by § 46-23-201(4), MCA. Upon consultation, Nelson responded through counsel that it would not. The District Court thus sentenced him to serve concurrent life terms on the deliberate homicides, with express 30-year parole restrictions on each. Nelson did not appeal.

¶8 However, in February 2018, he filed a *pro se* petition for postconviction relief alleging that his 2017 conviction and sentence were invalid because: (1) the express 30-year parole restriction constituted a breach of the plea agreement; (2) his guilty plea was involuntarily coerced by State threats to prosecute his wife based on her after-the-fact involvement in his crimes; and (3) he received ineffective assistance of counsel (IAC) based on counsel's failure to preserve his right to appeal the express 30-year parole restriction. The District Court ordered a State response and further ordered Nelson's counsel to respond to the IAC claim pursuant to *In re Petition of Gillham*, 216 Mont. 279, 704 P.2d 1019 (1985). In January 2019, upon consideration of the facts of record, the District Court denied the petition. Nelson appeals *pro se*.

¶9 A person convicted "of an offense in a court of record who has no adequate remedy of appeal and who claims" that his conviction occurred in violation of the constitution of the United States, State of Montana, or Montana law may file a verified petition "to vacate[] [or] set aside" the conviction. Sections 46-21-101(1) and -103, MCA. However, the

5

petitioner has the burden of showing the asserted illegality by a preponderance of the evidence under the applicable law. *Heath v. State*, 2009 MT 7, ¶ 16, 348 Mont. 361, 202 P.3d 118; *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473; *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. Upon ordering a state response and consideration of the parties' factual showings, the court may either grant the petition or dismiss for failure to state a claim entitling the petitioner to relief. Section 46-21-201(1)(a), MCA; *Herman v. State*, 2006 MT 7, ¶¶ 15 and 41-45, 330 Mont. 267, 127 P.3d 422; *Ellenburg*, ¶¶ 11-12. The standard of review of a denial of postconviction relief is whether the lower court's conclusions of law are correct and whether the predicate findings of fact are clearly erroneous in the light most favorable to the conviction. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861; *In re Jones*, 176 Mont. 412, 415, 578 P.2d 1150, 1152 (1978). Whether the lower court correctly dismissed a postconviction IAC claim presents a mixed question of law and fact reviewed de novo. *Whitlow*, ¶ 9; *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, 12 P.3d 934. *See also Strickland v. Washington*, 466 U.S. 668, 698, 104 S. Ct. 2052, 2070 (1984).

¶10    Nelson first asserts that the express 30-year parole restriction constituted a breach of the plea agreement. However, it is beyond genuine material dispute that the State recommended concurrent life sentences on the homicides as agreed, without recommendation for a court-imposed parole restriction. At most, the State noted and acknowledged that, pursuant to § 46-23-201(4), MCA, the agreed life sentences under § 45-5-102(2), MCA, included inherent 30-year parole restrictions as a matter of law. In addition to the fact that the court was not a party to the plea agreement, it is further beyond

genuine material dispute that Nelson was fully aware of the inherent statutory parole restriction and, upon consultation with counsel, concurred without objection that the express restriction contemplated by the court did not constitute a material deviation from the State's agreed sentencing recommendation. Aside from the fact that the State had no part in it, Nelson has further failed to demonstrate that the express 30-year parole restriction in any event denied him the benefit of his bargain with the State. We hold that the District Court correctly concluded that the express 30-year parole restriction did not constitute a breach of the plea agreement.

¶11 Nelson next asserts that his guilty plea was involuntarily coerced by State threats to prosecute his wife. However, it is beyond genuine material dispute based on the express language of the plea agreement, Nelson's accompanying written acknowledgement of waiver of rights, and his express statements on colloquy at the change of plea hearing that his guilty plea was not coerced or induced by any State threat or promise to refrain from prosecuting his wife. While the State's initial plea offer included non-prosecution of Nelson's wife as part of the stated consideration, it is beyond genuine material dispute on the factual record that the State included that term in the initial offer only at Nelson's urging, rather than on the State's independent volition. It is further beyond genuine material dispute that Nelson did not accept the State's initial offer and that, in the subsequent plea agreement documents and on the record at the change of plea hearing, he later twice expressly and unequivocally stated and disclaimed that he was not in any way threatened or coerced to plead guilty and was not induced to plead guilty by any promise other than as expressly provided in the plea agreement. Aside from cursory assertion,

Nelson has made no supported factual showing to the contrary. We hold that the District Court correctly found and concluded that his guilty plea was not coerced or otherwise induced by any State threat or promise regarding a potential prosecution of his wife.

¶12 Nelson finally asserts that he received IAC based on the failure of counsel to preserve his right to appeal the express 30-year parole restriction. The Sixth and Fourteenth Amendments to United States Constitution, and Article II, Section 24, of the Montana Constitution, similarly guarantee the criminally accused the right to effective assistance of counsel. *Whitlow*, ¶ 10; *State v. McElveen*, 168 Mont. 500, 501-03, 544 P.2d 820, 821-22 (1975); *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2063 (citing *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 (1970)). However, the performance of counsel is ineffective only if both constitutionally deficient and prejudicial. *State v. Herrman*, 2003 MT 149, ¶ 17, 316 Mont. 198, 70 P.3d 738. Performance of counsel was constitutionally deficient only if it "fell below an objective standard of reasonableness measured [by] prevailing professional norms" under the totality of the circumstances. *Whitlow*, ¶ 20. *Accord Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2065. In turn, a deficient performance was prejudicial only upon a showing of a reasonable probability that the outcome would have been different but for the deficient performance. *Ariegwe v. State*, 2012 MT 166, ¶¶ 15-16, 365 Mont. 505, 285 P.3d 424; *Heath*, ¶ 17; *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The performance of counsel is presumed constitutionally effective and IAC claimants bear the heavy burden of overcoming the presumption. *Whitlow*, ¶¶ 20-21; *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

¶13 It is beyond genuine material dispute on the factual record here that Nelson: (1) knowingly and voluntarily waived is right to appeal by pleading guilty; (2) knowingly and voluntarily pled guilty; and (3) concurred with counsel at sentencing that the express 30-year parole restriction contemplated by the court did not constitute a material deviation from the plea agreement in light of the redundant 30-year restriction imposed as a matter of law. As to prejudice, it is further beyond genuine material dispute that Nelson at no time requested that counsel attempt an appeal. Nor has he demonstrated any likelihood of success had he pursued such an appeal, or that he would have contemporaneously sought to withdraw his plea but for the alleged deficient performance of counsel. Nelson has thus made no factual or legal showing sufficient to satisfy either essential element of an IAC claim. We hold that the District Court correctly rejected the IAC claim regarding the right to appeal.

¶14 We hold that the District Court correctly denied Nelson's postconviction relief petition *in toto*. We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

9