FILED

04/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0666

DA 18-0666

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 102N

THOMAS KOOP, III,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV 2017-148
Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

Karen Marie Alley, Hill County Attorney, R. Timothy Jeffrey, Deputy
County Attorney, Havre, Montana

Submitted on Briefs:  August 19, 2020

Decided:  April 27, 2021

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion, it shall not be cited, and does not serve as precedent. The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Thomas M. Koop III (Koop) appeals the September 2018 judgment of the Montana Twelfth Judicial District Court, Hill County, denying his petition for post-conviction relief from a 2016 conviction for failing to register as a violent offender pursuant to §§ 46-23-502(13), -504(1), and -506(2)(a), MCA (Montana Sexual or Violent Offender Registration Act (SVORA)). We reverse.

¶3     In 2001, Koop was convicted and sentenced on felony assault with a weapon to a 3-year deferred imposition of sentence.[1] Unless earlier revoked, the deferred sentence would expire in December 2003. However, the conviction triggered an independent SVORA duty to register as a violent offender for the next ten years, until January 2011. Even upon expiration of the initial 10-year period, SVORA required him to continue to register until relieved of the duty by court order upon petition. Section 46-23-506(2)(a) and (3)(a), MCA.

---

[1] The conviction was his first felony conviction. He was also convicted and sentenced to a concurrent six-month deferred imposition of sentence for obstructing a peace officer, a misdemeanor.

2

¶4      In 2003, Koop successfully satisfied the conditions of his 2001 deferred sentence without violation. In January 2011, the independent 10-year SVORA registration period similarly expired without violation or additional criminal conviction. Koop did not petition for relief from the duty to register, however. He continued to register until stopping in 2015. In October 2015, the State charged him with failure to register, a felony in violation of § 46-23-507, MCA. Under the advice of counsel, he pled guilty and did not contest the charge based on the prior expiration of the 10-year registration period four years earlier. In September 2016, the court sentenced him on the new felony to a suspended three-year term of commitment to the Montana Department of Corrections (DOC).

¶5      In June 2017, the State petitioned for revocation of Koop's suspended sentence based on alleged probation violations. In October 2017, the District Court revoked the suspended sentence, and resentenced him on the 2016 conviction to a 3-year DOC commitment, with no time suspended. On December 1, 2017, Koop filed a *pro se* petition for postconviction relief (PCR) from the 2016 conviction. Through counsel, he filed an amended petition in May 2018.

¶6      The amended petition asserted that Koop received ineffective assistance of counsel (IAC) in violation of the United States and Montana constitutions due to counsel's failure to challenge the 2015 failure to register charge based on the prior expiration of the 10-year registration period, and the related failure to assist Koop in petitioning pursuant to § 46-18-204, MCA, for retroactive striking of his 2001 guilty plea and an accompanying dismissal of the case. He asserted that a successful § 46-18-204, MCA petition would have

3

retroactively vitiated his 2001 conviction, retroactively removing him from the SVORA definition of "violent offender" thereafter, and thus retroactively eliminating any duty to register after his sentence expired in 2003.

¶7    In September 2018, the District Court denied the amended petition following a hearing. The court reasoned that counsel's failure to research and act on the legal implications of his 2003 discharge of the 2001 sentence, or raise the subsequent expiration of the initial 10-year SVORA registration period in 2011, was not deficient performance because doing so "could not have relieved him of the [continuing] duty to register" absent prior court-ordered relief. The court further noted that Koop, in any event, did not respond to a letter from his counsel a month before his 2016 change of plea, requesting a meeting to discuss unspecified information that could potentially result in a dismissal, but upon which she could not act without his consent.[2] Koop timely appeals.

¶8    We review district court denials of petitions for postconviction relief under the standards specified in Title 46, chapter 21, MCA. We review pertinent findings of fact only for clear error, and conclusions and applications of law de novo for correctness. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We review related discretionary rulings for an abuse of discretion. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont.

---

[2] The court's rationale included no explanation as to why counsel could not have nonetheless discussed the issue with Koop when he later appeared, prior to his change of plea. Under a protective order entered on the 2018 hearing record, counsel was questioned extensively under oath about her conduct of Koop's defense on the 2015 charge, but still did not reveal or explain the subject or meaning of the reference in her 2016 letter to unspecified new information that could have potentially resulted in dismissal of the case against Koop. The record is clear, however, that she did not discuss it with him, or raise it with the court, before his change of plea.

4

361, 202 P.3d 118. However, whether a criminal defendant received IAC is a mixed question of fact and law subject to de novo review. *Whitlow*, ¶ 9; *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, 12 P.3d 934.

¶9 As a threshold matter, the State challenges the procedural timeliness of Koop's initial petition under § 46-21-102(1), MCA (procedural bar of PCR petitions after one-year from date conviction is final). However, we generally will not consider an issue raised for the first time on appeal. *State v. Peterson*, 2002 MT 65, ¶ 21, 309 Mont. 199, 44 P.3d 499. The State did not challenge the procedural timeliness of Koop's initial PCR petition below. We thus will not consider it here.

¶10 Under the Sixth and Fourteenth Amendments to the United States Constitution, and Article II, Section 24 of the Montana Constitution, criminal defendants have a fundamental right to effective assistance of counsel at all critical stages of criminal proceedings. *Whitlow*, ¶ 10; *State v. McElveen*, 168 Mont. 500, 501-03, 544 P.2d 820, 821-22 (1975); *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 2063 (1984). The performance of counsel was constitutionally ineffective only if both deficient and prejudicial. *State v. Herrman*, 2003 MT 149, ¶ 17, 316 Mont. 198, 70 P.3d 738. The performance of counsel was constitutionally deficient only if it "fell below an objective standard of reasonableness measured [by] prevailing professional norms" under the totality of the circumstances. *Whitlow*, ¶ 20; *Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2065. As a matter of law, the performance of counsel is presumed constitutionally effective. *Whitlow*, ¶¶ 20-21; *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. An IAC claimant bears

5

the heavy burden of rebutting that strong presumption. *Whitlow*, ¶¶ 20-21; *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. To that end, the mere fact that defense counsel could have pursued a different course of defense, or taken other available action, is generally insufficient alone to render a performance constitutionally deficient. *State v. Mahoney*, 264 Mont. 89, 101-02, 870 P.2d 65, 73 (1994). Under the second *Strickland* prong, a deficient performance is constitutionally prejudicial only upon demonstration of a reasonable probability that the outcome would have been different but for the deficient performance. *Ariegwe v. State*, 2012 MT 166, ¶¶ 15-16, 365 Mont. 505, 285 P.3d 424; *Heath*, ¶ 17; *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.

¶11 We find wholly uncompelling Koop's assertion that a successful petition pursuant to § 46-18-204, MCA, to retroactively strike his 2001 guilty plea and for accompanying dismissal of the case, would have retroactively eliminated his duty to register under § 46-23-504(1) and -506(2)(a), MCA, after 2003. While § 46-18-204(1), MCA, provides for retroactive striking of a guilty plea and accompanying dismissal, the accompanying § 46-18-204(2) has at all times pertinent clarified that "all records and data relating to the charge" remain as "confidential criminal justice information" restricted from public access, except upon "district court order upon good cause shown." Beyond cursory assertion, Koop has provided no authority or analysis for his unsupported assertion that a retroactive striking of his 2001 guilty plea and an accompanying dismissal for public criminal history purposes under § 46-18-204, MCA, would have had any limiting or qualifying effect on the express, unambiguous, and unqualified SVORA registration requirements. To the

6

contrary, though triggered by a qualifying conviction, SVORA registration requirements are "not part of [the] criminal sentencing" process under Title 46, chapter 18, MCA. *State v. White Bear*, 2005 MT 7, ¶ 8, 325 Mont. 337, 106 P.3d 516. We hold that the District Court correctly concluded that the failure to assist Koop in seeking relief from his 2001 conviction pursuant to § 46-18-204, MCA, did not constitute ineffective assistance of counsel.

¶12 For the first time on appeal, Koop asserts that he separately received IAC based on counsel's advice to plead guilty to a charge predicated on a facially unconstitutional provision of § 46-23-506(2)(a), MCA—the requirement for continued registration after expiration of the 10-year registration period absent petitioned-for court-ordered relief. As a narrow exception to the general rule, we may, in our discretion, review an issue raised for the first time on appeal when deemed necessary to correct plain error. *State v. Akers*, 2017 MT 311, ¶ 10, 389 Mont. 531, 408 P.3d 142 (internal citations omitted). Plain error is an unpreserved assertion of error that, unless subject to review, would manifestly undermine the fundamental fairness and integrity of a criminal proceeding. *Akers*, ¶ 10 (internal citations omitted).

¶13 We generally exercise plain error review only when the asserted error implicates a fundamental constitutional right and we are firmly convinced that failure to review it "would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness" of the proceeding, or otherwise compromise public trust in the integrity of the judicial process. *Akers*, ¶ 10 (internal citations omitted). A facial

7

constitutional challenge to a statute upon which a conviction or sentence is based is generally subject to plain error review. *State v. Sedler*, 2020 MT 248, ¶ 11, 401 Mont. 437, 473 P.3d 406 (internal citations omitted). In *Sedler*, we held on plain error review that the provision of § 46-23-506(2)(a), MCA, requiring continued SVORA registration after expiration of the specified 10-year registration period absent petitioned-for court-ordered relief, is facially unconstitutional in violation of the substantive due process protections of the Fourteenth Amendment to the United States Constitution, and Article II, Section 17 of the Montana Constitution. *Sedler*, ¶¶ 12-19.

¶14 Here, Koop's 2016 failure to register conviction is indispensably predicated on the same SVORA petition requirement held facially unconstitutional in *Sedler*. We hold that plain error review and reversal is similarly warranted here. We decided this case by non-citable, non-precedential memorandum opinion pursuant to Section I(3)(c) of our Internal Operating Rules. Koop's 2016 conviction for failure to register, a felony in violation of § 46-23-507, MCA, is hereby reversed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER

Justice Jim Rice, specially concurring.

¶15   The Court grants relief on the basis of *State v. Sedler*, 2020 MT 248, 401 Mont. 437, 473 P.3d 406, wherein the Court declared facially unconstitutional the SVORA registration provisions of § 46-23-506(2)(a), MCA.  Opinion, ¶ 13; *see Sedler*, ¶¶ 18-19.  Although I dissented to that determination, *see Sedler*, ¶¶ 27-30 (Rice, J., dissenting), it is now controlling authority and, therefore, I concur in the Court's decision.

/S/ JIM RICE