FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0027

DA 21-0027

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 210N

KINGSLEY U. ARIEGWE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDC-03-052
                Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

            For Appellant:

                Kingsley U. Ariegwe, Self-Represented, Shelby, Montana

            For Appellee:

                Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General, Helena, Montana

                Josh A. Racki, Cascade County Attorney, Susan Weber, Chief Deputy
                County Attorney, Great Falls, Montana

                                Submitted on Briefs:   July 28, 2021

                                            Decided:   August 17, 2021

Filed:

_____
                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kingsley Ariegwe appeals the denial of his second petition for postconviction relief from the Eighth Judicial District Court, Cascade County, holding the petition was time barred and procedurally barred. We affirm.

¶3 In March 2004, Ariegwe was convicted of attempted sexual intercourse without consent and unlawful transactions with minors. Prior to sentencing, Ariegwe moved for a new trial based on purported errors arising from the DNA evidence. The district court denied his motion and Ariegwe appealed in August 2004 asserting violations of his right to a speedy trial, error in denying his motion for a new trial, and in the award of restitution. We affirmed the court's denial of Ariegwe's motion to dismiss for lack of a speedy trial and for a new trial. *State v. Ariegwe*, 2007 MT 204, ¶ 182, 338 Mont. 442, 167 P.3d 815 (*Ariegwe I*). The Court, however, reversed Ariegwe's requirement to pay restitution under § 46-18-201(5), MCA, and remanded the case for a restitution hearing. *Ariegwe I*, ¶ 182.

¶4 Following remand, the district court issued an amended sentencing order. In April 2008, this Court affirmed the amended sentencing order. In September 2008, Ariegwe filed his first petition for postconviction relief, asserting claims of

2

ineffective assistance of counsel based on counsel's failure to object to testimony provided by a psychologist and for failing to introduce evidence of a recorded conversation between the victim and her friend. The district court conducted an evidentiary hearing and denied Ariegwe's petition. We affirmed the denial of his petition. *Ariegwe v. State*, 2012 MT 166, ¶ 30, 365 Mont. 505, 285 P.3d 424 (*Ariegwe II*).

¶5     In 2015, Ariegwe filed a petition for writ of habeas corpus with this Court. We denied his claims. *Ariegwe v. Batista*, No. OP 15-0462, 381 Mont. 543, 357 P.3d 336 (Aug. 18, 2015) (*Ariegwe III*). In 2019, Ariegwe filed a petition for a writ of extraordinary relief. We denied his claims. *Ariegwe v. State*, No. OP 19-0514, 397 Mont. 555, 449 P.3d 791 (Sept. 24, 2019) (*Ariegwe IV*). Ariegwe also challenged his conviction by means of writ of habeas corpus in federal court. *See Ariegwe v. Kirkegard*, 2013 U.S. Dist. LEXIS 161247 (D. Mont. 2013); *see also Ariegwe v. Fender*, 2019 U.S. App. LEXIS 25916 (9th Cir. 2019). Both petitions were denied.

¶6     On March 24, 2020, Ariegwe filed a petition for a writ of habeas corpus in the District Court. Through an attached memorandum, Ariegwe again asserted portions of the trial testimony were inaccurate and flawed. Specifically, Ariegwe alleged seven claims for relief with the District Court: (1) the prosecution introduced microscopic hair comparison testimony that it knew to be flawed; (2) his right to equal protection was violated when he was treated differently from two other "similarly situated" individuals, who were later exonerated; (3) his rights under the Civil Rights Act of 1964 were violated because he was a member of a protected class; (4) he was innocent and was

3

denied his right to a fair trial; (5) he received ineffective assistance of appellate counsel for failing to investigate the hair comparison evidence; (6) the length of his sentences violated his right to due process under both the United States Constitution and Montana Constitution; and (7) his postconviction counsel was ineffective.

¶7 The District Court deemed Ariegwe's petition for writ of habeas corpus a petition for postconviction relief because he alleged issues pertaining to his conviction and sentence. *See* § 46-22-101(2), MCA. The State was given an opportunity to respond and asserted his petition was time barred because it was filed almost eight years after this Court's denial of his first petition for postconviction relief. The State also argued the petition was procedurally barred because Ariegwe could have raised all his claims in his original postconviction petition. On December 22, 2020, the District Court concluded Ariegwe's claims alleged in his second petition for postconviction relief were both time barred and procedurally barred.

¶8 On appeal, Ariegwe asserts the District Court incorrectly denied his second petition for postconviction relief.

¶9 "This Court reviews a district court's denial of a petition for postconviction relief to determine whether its factual findings are clearly erroneous and whether its legal conclusions are correct." *Garding v. State*, 2020 MT 163, ¶ 12, 400 Mont. 296, 466 P.3d 501 (citing *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387). The petitioner has the burden of proving by a preponderance of the evidence that he or she is entitled to relief. *Herman v. State*, 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422.

4

¶10 The District Court first concluded Ariegwe's petition was time barred. Petitions for postconviction relief generally must be filed "within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. This Court affirmed the denial of Ariegwe's first petition for postconviction relief on September 11, 2012. Our decision became final when the time for appealing to the United Stated Supreme Court expired—ninety days after entry of the judgment. *See* U.S. Sup. Ct. R. 13. Thus, the order became final on December 10, 2012. Ariegwe's second petition for postconviction relief, filed on March 24, 2020, was filed almost eight years past the one-year filing deadline. The District Court correctly concluded Ariegwe's second petition was time barred.

¶11 Ariegwe asserts even if his petition is time barred, he is allowed to raise his claims because they allege the existence of newly discovered evidence under § 46-21-102(2), MCA. An untimely filed petition for postconviction relief may fall within the exception to the time bar provided in § 46-21-102(2), MCA, when a claim is made that alleges the existence of newly discovered evidence. Section 46-21-102(2), MCA, requires claims that allege the existence of newly discovered evidence to be raised "in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later." Ariegwe did not present information in support of newly discovered evidence before the District Court nor was his petition timely under § 46-21-102(2), MCA. This Court concludes the District Court did not err in denying Ariegwe's petition for postconviction relief without considering § 46-21-102(2), MCA.

¶12 The District Court also concluded Ariegwe's petition was procedurally barred. Postconviction petitioners are barred from filing second or subsequent petitions unless the petitioner is raising a ground for relief that could not reasonably have been raised in the original or an amended original postconviction petition. Section 46-21-105(1)(b), MCA. Petitions may be amended during the course of an ongoing proceeding that was timely initiated. *State v. Root*, 2003 MT 28, ¶ 12, 314 Mont. 186, 64 P.3d 1035 (citing § 46-21-105(1)(a), MCA). All grounds for relief by a petitioner under § 46-21-101, MCA, must be raised in the original or amended original petition. Section 46-21-105(1)(a), MCA. Furthermore, claims of ineffective counsel in proceedings on an original or an amended original petition may not be raised in a second or subsequent petition. Section 46-21-105(2), MCA.

¶13 Ariegwe raised claims of ineffective assistance of counsel in his first petition for postconviction relief and, again, raised the same or similar claims in his second petition. The District Court was correct to conclude Ariegwe's claims of ineffective assistance of counsel were procedurally barred. The District Court was also correct to conclude Ariegwe's five additional claims are procedurally barred because they could have been raised in his earlier postconviction and appellate actions. Finally, Ariegwe's assertion that the District Court erroneously relied on an unrelated rape allegation when it imposed his sentence could have been asserted in his first petition for postconviction relief and is, therefore, procedurally barred.

¶14 Ariegwe's claims raised in his second petition for postconviction relief are time barred and procedurally barred. The District Court's order is affirmed.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE