ORIGINAL

FILED

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0261

KINGSLEY UROMU-OKPE ARIEGWE,

Petitioner,

v.

STATE OF MONTANA, and
CROSSROADS CORRECTIONAL
CENTER, WARDEN BLUDWORTH,

Respondents.

ORDER

FILED

MAY 2 3 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Kingsley Uromu-Okpe Ariegwe has filed a verified Petition for Writ of Habeas Corpus, challenging his 2004 conviction from the Cascade County District Court and raising ineffectiveness of assistance of counsel claims (IAC). Ariegwe also moves this Court for appointment of counsel "to represent him in the [] Oral Argument pursuant to § 46-8-104(1)(d)[, MCA.]" We amend the caption to include the warden's name and facility where Ariegwe is restrained. Section 46-22-201(1)(c), MCA.

In March 2004, a jury found Ariegwe guilty of attempted sexual intercourse without consent and unlawful transactions with children. The District Court sentenced Ariegwe to the Montana State Prison for a fifty-year term with fifteen years suspended. Through counsel, he appealed, raising three issues. This Court affirmed "the District Court's denial of Ariegwe's motion to dismiss for lack of a speedy trial. We also affirm[ed] the District Court's denial of Ariegwe's motion for a new trial." *State v. Ariegwe*, 2007 MT 204, ¶ 182, 338 Mont. 442, 167 P.3d 815 (*Ariegwe I*). We reversed and remanded on the last issue of restitution. *Ariegwe I*, ¶¶ 176-182.

Ariegwe sought postconviction relief in the District Court. In March 2011, the District Court held an evidentiary hearing. The District Court denied his petition for postconviction relief, and Ariegwe appealed. *Ariegwe v. State*, 2012 MT 166, 365 Mont.

505, 285, P.3d 424 (*Ariegwe II*). This Court affirmed the court's denial and dismissal of Ariegwe's petition. *Ariegwe II*, ¶ 31.

In 2015, Ariegwe sought habeas corpus "relief from his 2004 conviction and challenging the effectiveness of all prior counsel." *Ariegwe v. Batista and Kirkegard*, No. OP 15-0642, Order (Mont. Aug. 18, 2015) (*Ariegwe III*). About four years later, Ariegwe filed a petition for extraordinary relief. We determined that "Ariegwe is relitigating his conviction, sentence, and prior appeal." *Ariegwe v. State and McTighe*, No. OP 19-0514, Order, (Mont. Sept. 24, 2019) (*Ariegwe IV*).

In March 2020, Ariegwe filed a petition for a writ of habeas corpus in the District Court that the court deemed a petition for postconviction relief. The District Court denied his second petition for postconviction relief, and Ariegwe appealed. *Ariegwe v. State*, No. DA 21-0027, 2021 MT 210N, 2021 Mont. LEXIS 653 (*Ariegwe V*). We summarized his history of challenging his conviction through habeas corpus with this Court as well as in federal court. *See Ariegwe V*, ¶ 5. We affirmed the District Court, concluding that his claims were time-barred and procedurally barred. *Ariegwe V*, ¶ 14.

In his instant Petition, Ariegwe raises seven issues, which are very similar to the claims raised in his petition for postconviction relief, filed in the District Court three years ago. He raises four IAC claims; challenges the District Court's jurisdiction; contends that the State had false evidence and false testimony; and "his right to equal protection was violated when he was treated differently from two other 'similarly situated' individuals, who were later exonerated." *See Ariegwe V*, ¶ 6.

We conclude that Ariegwe is not entitled to habeas corpus relief. Section 46-22-101(2), MCA. As stated before, he is procedurally barred to raise such issues when he has exhausted the remedy of appeal. *Ariegwe I*, *Ariegwe III*, and *Ariegwe IV*. This Court has addressed his IAC claims previously. *Ariegwe II*, ¶¶ 14-30 and *Ariegwe V*, ¶¶ 6, 11-13. Any other issues, such as the court's jurisdiction or an equal protection violation, come too late and through the wrong remedy. *Ariegwe V*, ¶¶ 6, 14. Ariegwe is also not entitled to appointment of counsel or oral argument in this original proceeding. Therefore,

IT IS ORDERED that Ariegwe's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Ariegwe's Motion for Appointment of Counsel is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Kingsley Uromu-Okpe Ariegwe personally.

DATED this 23ʳᵈ day of May, 2023.

Justices